PER CURIAM.
We redesignate the appeal as one from the denial of a rule 3.850 motion and affirm in part and reverse in part the order appealed.
To the extent the trial court summarily denied the second ground of defendant’s rule 3.850 motion, we reverse and remand *1190 for the trial court to either hold a hearing or attach portions of the record conclusively refuting defendant’s claim that his negotiated plea was involuntary because it was based on an incorrectly prepared score-sheet which included, as additional offenses at sentencing, offenses for which he was sentenced as a habitual felony offender. See Fla. R.Crim. P. 3.704(d)(1) (providing in part that “[i]f sentences are imposed under section 775.084, or section 775.082(9), Florida Statutes, and the Criminal Punishment Code, a scoresheet listing only those offenses sentenced under the Criminal Punishment Code must be filed in addition to any sentencing documents filed under section 775.084 or section 775.082(9)”) (emphasis added).
As for the grounds of his initial rule 3.800(a) motion (to the extent they may be considered not to have been withdrawn by the amendment in which defendant substituted his rule 3.850 motion), and the first ground of his rule 3.850 motion, we affirm without further discussion.

Affirmed in part, Reversed in part and Remanded.

STEVENSON, C.J., WARNER and HAZOURI, JJ., concur.